**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7220**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

ROY LEE DYKES,

> Defendant - Appellant.

**No. 21-4099**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

ROY LEE DYKES,

> Defendant - Appellant.

**No. 21-7494**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

ROY LEE DYKES,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:18-cr-00003-JPJ-PMS-1)

———————————

Submitted:  August 17, 2022                    Decided:  August 30, 2022

———————————

Before MOTZ, AGEE, and HARRIS, Circuit Judges.

———————————

Nos. 20-7220 and 21-7494, affirmed; No. 21-4099, dismissed by unpublished per curiam opinion.

———————————

Roy Lee Dykes, Appellant Pro Se.  S. Cagle Juhan, Charlottesville, Virginia, Martha Suzanne Kerney-Quillen, Whitney Demain Pierce, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Roy Lee Dykes appeals from the district court's orders denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and denying reconsideration; its order denying his Fed. R. Crim. P. 36 motion and related request for an evidentiary hearing to correct alleged purposeful alterations to the criminal trial transcript; and its orders holding Dykes' subsequent motion for compassionate release in abeyance and denying reconsideration of that order. We affirm the district court's orders in Nos. 20-7220 and 21-7494 and dismiss the appeal in No. 21-4099 for lack of jurisdiction.

First, upon review of the record, we discern no abuse of discretion in the district court's determination that the 18 U.S.C. § 3553(a) factors weighed against compassionate release. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (stating standard of review), *cert. denied*, 142 S. Ct. 383 (2021). Accordingly, we deny Dykes' motion to file a supplemental informal brief, and we affirm the district court's orders in No. 20-7220 denying Dykes' motion for compassionate release and denying reconsideration.[*] Next, because we similarly discern no reversible error in the district court's order denying Dykes' Rule 36 motion and request for an evidentiary hearing, we affirm the court's order in No. 21-7494 denying Dykes' requested relief.

Finally, we note that after Dykes filed the appeal in No. 21-4099 challenging the district court's decision to hold his subsequent motion for compassionate release in

_____

[*] To the extent Dykes argues that his request was for home confinement, rather than for compassionate release, the district court lacked authority to grant that relief. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

3

abeyance, the district court entered an order denying the motion. Because the district court has ruled on Dykes' motion and it is no longer in abeyance, we are unable to grant Dykes the relief he requests on appeal—to remand the case to the district court for a ruling—and therefore the appeal is moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (explaining that mootness is a jurisdictional question this court may raise sua sponte, and that, "[i]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief . . . to a prevailing party, the appeal [is moot and] must be dismissed"). Accordingly, we dismiss Dykes' appeal in No. 21-4099 for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Nos. 20-7220 and 21-7494, *AFFIRMED*;
No. 21-4099, *DISMISSED*
